### JAMES MORRIS et ux. *v.* JOSEPH PALMER & CO.

1. HUSBAND AND WIFE : CONTRACTS OF WIFE AS A TRADER, UPON WHOM BINDING.—If the husband permit the wife to purchase goods on a credit to be resold by her as a trader, either on her separate account, or for their joint benefit, he will be liable at law for the price, but she being incapable in law of making such a contract, it will not be binding on her; and therefore a bill in equity cannot be maintained against the husband and wife, to ~~embrace~~ *enforce* the collection of the debt.

2. SAME : CREDITOR HAS NO LIEN ON THE PROFITS OF THE WIFE'S TRADE.—A person who sells goods to the wife on a credit to be resold by her as a trader, has no lien on the profits, for the collection of his debt.

3. APPEAL : WAIVER OF : WHEN IT MUST BE INSISTED ON.—A waiver of a right to appeal must be insisted on in the court below, before the appeal is granted; it is too late to make the objection in this court.

APPEAL from the District Chancery Court at Mississippi City. Hon. B. C. Buckley, vice-chancellor.

*Champlin* and *Adams*, for appellant,
Cited Hutch. Dig. 499, § 2; *Davis* v. *Foy*, 7 S. & M. 64; *Dickson* v. *Miller*, 11 S. & M. 602; 9 Ves. 182; 3 Maddox, 98; 3 Burrows, R. 1776.

*John Henderson*, for appellee,
Cited 2 Hen. Dig. (La) 920, §§ 19-20; Civil Code, (La.) art. 1779; 1 Dessaus. R. 455; 2 Iredell, Eq. R. 553; 7 B. Monroe, R. 443; 2 Cushm. 417; 1 Ib. 269.

FISHER, J., delivered the opinion of the court.

The appellees filed this bill in the Vice-Chancery Court at Mississippi City, against the appellants, alleging that Mrs. Morris the wife of the appellant, Morris, purchased certain goods of the complainants in the city of New Orleans, and sold the same by retail at a place called Ocean Springs in this State, and that the husband, Morris, participated in the profits of said sale.

It is further alleged that the wife has acquired certain property by investing said profits, but what kind of property is not stated.

The object of the bill is to obtain a joint decree against the husband and wife, and if this cannot be done, then to subject the property acquired by means of the profits arising from the sale of said goods, to the payment of the debt.

The defendants below demurred to the bill, but the court overruled the demurrer, from which decree this appeal has been prosecuted.

A preliminary question is first made, that under an agreement in the record, the defendants have waived their right of appeal, and the cause should therefore be dismissed.

This objection if valid should have been made in the court below, at the time the appeal was prayed. It is too late to make it here for the first time.

Assuming the facts to be true as stated, the husband would be liable in an action at law for the goods purchased by the wife. If he participated in the profits, or sanctioned the sale of the goods, he would be held to have ratified the purchase by the wife, if not, to have authorized it in the first instance, in which case she would be treated as his agent. If the wife's contract was binding *at all*, it would only bind the husband, and the complainants could pursue their remedy against him in the same manner as if the contract had been made with him in person. The contract of the wife, except in the cases provided for by the statute, are as to her, absolutely void, for the reason that she has no consent of her own to give to contracts.

We are therefore, of opinion that the decree must be reversed, demurrer sustained, and the bill dismissed.