## Case No. 1,752.

### BOYD et al. v. WITHERS et al.

[1 Chi. Leg. News, 401.]

Circuit Court, S. D. Mississippi. 1869.

HUSBAND AND WIFE — WIFE'S POWER TO CONTRACT — SEPARATE ESTATE — STATUTES — CONSTRUCTION—DEFINITION OF "FOR FAMILY SUPPLIES OR NECESSARIES."

1. By the common law the wife could not bind herself or render her separate property liable, and it is only by the statute that her rights and liabilities are enlarged and only to the extent specified therein.

2. The statute rendering the separate property of the wife liable for her contracts must be strictly construed.

3. The wife cannot as a general borrower of money bind herself so as to render her separate property liable, no matter for what purpose the money may be afterwards applied.

4. The meaning of the words "for family supplies or necessaries" as used in the statute defined.

At law.

HILL, District Judge. This action of assumpsit was brought by the plaintiffs [Boyd, Coleman, and Graham] against the defendants [Withers and wife], to recover the amount stated to be due upon an account current rendered against them. The declaration alleges that the wife is possessed, as of her separate property, of a plantation, etc.; that the amount stated to be due is for advances in cash, made upon the joint bills of defendants; that the cash so received was used in the purchase of horses, mules, farming utensils, and other necessaries for the plantation of the wife, for necessaries furnished for the wife, and her children, also for their education, etc.; and seeks payment for the sums so advanced, out of the separate property of the wife. To this declaration, the defendants have demurred, and insist, as a cause of demurrer, that a married woman cannot bind herself upon a contract for the loan of money, so as to charge her separate property for payment thereof; this being the main ground of demurrer relied upon, others stated need not be considered.

By the common law, the husband became vested, on the marriage, with the title to all the personal property of the wife then in her possession, or which might be reduced to possession, during the marriage, also to the rents and profits of her real estate, her rights became merged in the husband. Such being the case, he became liable for her obligations incurred before marriage, and he alone became liable for her maintenance and support during marriage, as well as for that of her children by the marriage. Thus the legal relations remained in this state until 1839, when her rights were enlarged by statute [Laws Miss. 1839, p. 72], and again further enlarged by the act of 1846 [Laws 1846, p. 152]. The enlargement of her rights necessarily enlarged her liabilities. These rights and liabilities were further extended by Rev. Code, c. 40, § 5, art. 25, providing that "all contracts made by the husband and wife, or either of them, for supplies for the plantation of the wife, or for the maintenance, clothing, care and support of her slaves, or for the employment of an agent or overseer for their management, may be enforced and satisfaction had out of her separate estate. And all contracts made by the wife, or by the husband, with her consent, for family supplies or necessaries, wearing apparel for herself or children, or for their education, or for household furniture, or for carriage, or horses, or for buildings on her lands or premises, and the materials therefor, or for the use, benefit, or improvement of her separate estate, shall be binding on her, and satisfaction may be had out of her separate property."

By article 26 it is provided "that the wife may be sued jointly with her husband, on all contracts or other matters for which her separate property is liable, but if the suit be against husband and wife, no judgment shall be rendered against her unless the liability of her separate property be first established." This is the first time the question now presented has come before this court, or that of the high court of errors and appeals of this state, so far as I am aware. I have, in addition to the able argument of counsel, searched for adjudications by the courts of other states, having statutes somewhat similar to our own, for something to guide me in determining the decision of this question, but have found nothing. In a case determined at the last term of this court, it was held that where supplies had been furnished the wife for the use of her plantation and family, and money was advanced for their payment, that the promise of the wife to repay the amount advanced would bind her, or, in other words, that the party making the advance was substituted to the rights of the person furnishing the supplies; but this is a case in which money was advanced before the supplies were furnished. By the common law the wife could not bind herself, or render her separate property liable, her legal existence being, during marriage, merged into that of her husband, and it is only by the statute that her rights and liabilities are enlarged, and only to the extent specified in the statute, so as to enable her to enjoy property for the benefit of herself and children, and to preserve and improve its condition. The high court of this state, in the case of Morris v. Palmer, 32 Miss. 278, determined that the wife is not bound by her contracts in carrying on a separate trade or business; and in the case of Berry v. Bland, 7 Smedes & M. 77, that the statute rendering the separate property of the wife liable to her contracts must be strictly construed.

From these and other adjudications, I am satisfied that the wife cannot, as a general borrower of money, bind herself, so as to render her separate property liable, no matter to what purpose the money may be afterwards applied; but whilst this is so, I am equally well satisfied that under the powers conferred by this provision of the Code, when it is necessary to procure money for the purposes mentioned, that she may borrow money and bind herself, and render her separate property liable; but in such case the money may be necessary for the purchase of the articles so stated, and must be so applied, and must be loaned for that purpose, upon the contract and consent of the wife, and upon her credit, the lender looking to her separate estate for payment. To hold otherwise would in many instances defeat the very object of the law. The party having the required articles, or labor to furnish, might not be willing to do so on a credit, but another might have the money and be willing to advance it; and if done, and the supplies were furnished, or the labor performed, the party so advancing the money would be the very one who furnished the thing needed. The statute uses the words for family supplies or necessaries, wearing apparel for herself or children, or for their education. Money is often found to be a very urgent family necessity to procure supplies,—something which the family needs, and cannot well do without, for food, clothing, medicines; so money may be held to be within the very words of the act. For what purpose can a married woman desire to hold separate property, but for the use and benefit of herself and children; and after food and clothing, what is more dear to the heart of the mother than to see her children well educated? This often can only be attained by sending them from home, among strangers, where the mother has no credit. If she has not the money, how can she obtain it? Only by borrowing it from her friends; and can it be said that she cannot contract for it, and bind her separate property, which she holds in trust for this very purpose?

It will be observed, that so much of the statute as relates to the wife's plantation and slaves, the husband being the general agent of the wife, may bind her separate property by his contract for her, without the condition, that it shall be by her consent; but as to the other purposes, it requires if the contracts are made by the husband, it must be by the consent of the wife. And why? Because she might say that it was his duty, and not hers, to procure the thing needed. It is more necessary that she should consent to be bound for the borrowed money, and that it should be used for the purposes designated; otherwise a profligate, or even imprudent husband, might improperly spend it; hence the lender should be held to take the risk for the application of the funds loaned.

This gives ample protection to the wife, and enables her and her children to derive the benefits intended by this provision of the law. Had the provisions of the common law remained unchanged, the estate would have been vested in the husband, who would have been bound to furnish the things needed, and the property would have been liable for the repayment of any funds necessarily borrowed for their procurement. Therefore, either regarding the person advancing the funds for the payment of the necessaries and supplies as taking the place of the one who actually furnishes them, or the money as a supply and necessity, I am satisfied, when so furnished and applied,—and its proper appropriation will be presumed in the absence of other proof,—the wife does bind herself and render her separate estate liable.

The declaration does not aver, that the money was advanced for the purposes specified, but only that it was advanced, and afterwards was so applied. This averment is not sufficient to render her liable in this action, and for this purpose the demurrer must be sustained. The best analogy I have been able to find to the principles above stated is in the case of infants. It has been held that although an infant is bound upon his contract for necessaries, yet if one lends money to an infant, to pay for necessaries, he is not bound for the reason, that he may misapply the funds; but if the money be laid out for necessaries, the lender will be permitted, in equity, to stand in the shoes of the person who furnished them, and if the lender prove that the money was applied to the payment of necessaries, he will in law be entitled to a verdict.