293 So.2d 447 (1974)
Mrs. Phyllis A. CLARK
v.
Reynolds CLARK.
No. 47365.
Supreme Court of Mississippi.
April 1, 1974.
Rehearing Denied May 13, 1974.
Daniel P. Self, Jr., Louie M. Bishop, Waynesboro, for appellant.
W. Vol Jones Waynesboro, Lowell W. Tew, Laurel, for appellee.
*448 WALKER, Justice:
This case arose out of a divorce proceeding in the Chancery Court of Wayne County, Mississippi, wherein appellant, Mrs. Phyllis A. Clark, sued Reynolds Clark for divorce. It is not necessary to recite the evidence insofar as it applies to the grounds for divorce for the reason that the only question before this Court is whether or not the chancellor was correct in his award to appellant of monthly alimony, the use of the couple's automobile and family home on which the appellee is to pay monthly mortgage notes, and attorneys' fees.
Both parties have appealed.
In the bill of complaint for divorce, the appellant asked for, among other things, a lump sum award of $50,000 plus a monthly alimony allowance of $250. In the final decree, the special chancellor failed to grant a lump sum award and allowed only the sum of $200 per month as alimony to appellant. However, he did award the appellant use of a 1967 Oldsmobile automobile, the use of the family home, with the further provision that the appellee-cross appellant would make the payments on the home of $84 per month, and attorneys' fees in the amount of $1,500.
Appellant contends here that the special chancellor was manifestly wrong and that the award to appellant is so grossly inadequate as to constitute reversible error. Appellant further contends that she should have been awarded one-half of the funds held in various savings accounts which the appellee-cross appellant withdrew from jointly held accounts in June, 1971, shortly before their separation and deposited in accounts that bear only his name. The appellant asserts that the accounts were opened in the names of Phyllis and Reynolds Clark several years after their marriage and contained funds that had been accumulated through their joint efforts during the course of the marriage. Finally appellant argues that the award of attorneys' fees is inadequate.
The evidence established that Phyllis Clark and Reynolds Clark were married in 1960 and at the time of the trial had been married for approximately twelve years. That at the time Phyllis married Reynolds Clark, she was a licensed cosmetologist but fourteen months thereafter was requested by her husband to give up her chosen vocation and work with him in the office of a newly created business called Reynolds Construction Company which he formed as a partnership with another man. When the partnership was dissolved in 1965, the Clarks continued to operate the construction and real estate company. Mrs. Clark was 31 years old when she first joined her husband in the business and for approximately eleven years of their marriage she worked without compensation from nine o'clock in the morning until five o'clock in the afternoon, six days a week, keeping the records, answering the telephone, writing checks, making deposits of money, helping select real estate and building plans, greeting people in the office, collecting money and giving receipts. It was conceded that she was in general charge of the construction company and real estate office. In addition to these duties, she did approximately seventy percent of the work in connection with Reynolds Clark's position as Director of the Housing Authority Office in the City of Waynesboro for which he received a monthly salary of $240.
The evidence also shows that Reynolds Clark was a hardworking businessman who had exercised good business judgment and thereby accumulated a considerable amount of assets over the period of the marital relationship, in addition to approximately seven hundred acres of land that contains valuable timber and mineral interest which he inherited from his father. A list of these assets and their respective values, as testified to by the appellee-cross appellant, is as follows:
1. Savings accounts that contain funds totalling approximately $63,500.

*449 2. One hundred seventy-seven shares of stock in a local bank valued at approximately $10,600.
3. A one-half interest in approximately one hundred head of cattle valued at $7,500.
4. A one-half interest in sixteen lots located in several subdivisions that have been developed by the appellee. His interest in the lots is valued at approximately $16,250. The appellee stated that several of the lots contain homes that he has built and when completed will sell for approximately $22,000 each.
5. The family home valued as approximately $20,000. It is to be noted that the appellant placed the value of the family home at $32,000, and that the chancellor accepted this figure in his findings of facts.
6. Three rental houses located within the City of Waynesboro, Mississippi, which have a total value of approximately $42,000.
7. Miscellaneous assets worth approximately $5,000, that include an insurance policy, two automobiles and tools used in the construction business.
The evidence is clear that appellee-cross appellant accumulated and retained assets totalling some $164,000 during the period of the marriage. Although he was the businessman in the family and generated the business which resulted in this accumulation of wealth, the appellant, Phyllis Clark, substantially contributed to the accumulation of marital assets. The evidence shows that her long hours of work was without any compensation in the form of a salary. Under such circumstances it is clear that she contributed to the accumulation of the assets and is therefore entitled to share therein. We are not dealing with a case where the wife only assumed the role of a housewife, for here, she not only was a helpmate at home, but she was also the co-worker in her husband's real estate and construction business.
Under these circumstances, the wife, helpmate and co-worker who is forced out of the marriage partnership through no fault of her own is entitled to a fair, equitable and just allowance. This can be accomplished, in the discretion of the chancellor after a hearing to fully develop the facts in this regard, by either a lump sum award, plus monthly alimony payments or monthly alimony payments of such a substantial nature that it reflects not only the husband's duty to care for his former wife in the manner in which she has grown accustomed but also her share in the jointly accumulated assets so that she might, from this extra sum, provide for her future security. Jenkins v. Jenkins, 278 So.2d 446 (Miss. 1973).
In Jenkins, we held that a lump sum award in conjunction with an award of monthly alimony was proper in a case where "the wife has contributed to the accumulation of the property of her husband... ." (278 So.2d at 449). In the present case we recognize that even stronger grounds exist for allowing the appellant a greater share of the marital assets, since it is undisputed that Phyllis Clark actually worked in her husband's business for approximately eleven years without compensation. These facts are to be contrasted to Jenkins, supra, where, although the total assets of Mr. Jenkins were greater than those of the appellee, Mrs. Jenkins' contribution to the accumulation of marital property was solely that of a housewife and not as a co-worker in her husband's business.
We are therefore of the opinion and so hold that under the facts and circumstances of this case, the award of the special chancellor was so grossly inadequate as to require a reversal of the award of $200 per month alimony, and a remand of the case for the purpose of another hearing, if necessary, to determine an adequate alimony award consistent with this opinion.
We are fully cognizant of the holdings of this Court that this is not a *450 community property State and it is not the intention of this opinion to modify those holdings. Compare Cox v. Cox, 183 So.2d 921 (Miss. 1966) and Pierce v. Pierce, 267 So.2d 300 (Miss. 1972). In this regard, we cannot agree with the appellant's assignment of error that she should be granted title to one-half of the funds deposited in various savings accounts which the appellee had withdrawn from jointly held accounts and redeposited said funds in separate accounts that listed him as the sole owner. We have pointed out in the case of Drummonds v. Drummonds, 248 Miss. 25, 156 So.2d 819 (1963) that where a controversy arises as to the ownership of a joint savings account evidence is admissible to show the true situation. (248 Miss. at 31, 156 So.2d 819). It is admitted by both parties that the accounts were opened several years after they were married, and as of June, 1971, contained $63,500. It is uncontradicted that of this total amount approximately $40,000 came from the sale of timber and minerals derived from property that the appellee had inherited from his father. Based on the testimony of the appellee that he did not intend for his wife to have a one-half ownership interest in the various accounts, but merely intended for the funds to go to the survivor of the marriage, the chancellor found title to said accounts to be vested in the appellee. In light of this, we cannot say that the chancellor was manifestly in error in this regard. However we do point out that such funds can be subject to a lien in order to enforce the payment of a lump sum judgment or a monthly alimony award. For we must keep in mind that it is the responsibility of an equity court to do what is fair and just when a marriage of many years is dissolved under such circumstances where the wife has not only lived up to her marriage vows and performed the duties of a housewife, but has additionally labored side-by-side with her husband in the field of industry or commerce to accumulate the marital assets.
In his cross-appeal, the appellee asserts that the chancellor abused his discretion in granting the appellant an award far in excess of that required by the facts and circumstances of this case, and by failing to place a limitation on the time in which the appellant is to receive monthly alimony payments and enjoy the use and possession of the family home. Since we are of the opinion that the appellant is entitled on remand to a greater share of the marital assets, we hold that the appellee's cross-appeal in this regard is wholly without merit. We hasten to add that short of death or remarriage, the length and duration of an alimony award and use and occupancy of the family home is entirely within the sound discretion of the chancellor. Therefore in accordance with the facts and circumstances presented in this case, we find that no error was committed by the chancellor in failing to set a definite time limit on the payment of alimony and use of the family home.
It is finally contended by both the appellant and the appellee-cross appellant that the chancellor was manifestly wrong in awarding the appellant $1,500 in attorneys' fees. The appellant argues that the above sum was not adequate and conversely the appellee-cross appellant asserts that the sum was excessive. We have carefully considered this matter and are of the opinion that the award was well within the bounds of the chancellor's discretion and that therefore this award should not be disturbed on appeal. We further feel that the appellant's motion for additional fees in the amount of $750 should be granted for services rendered by her attorney in prosecuting this appeal.
For the reasons stated the decree is reversed as to the amount of alimony and the case remanded for further proceeding and the entry of a decree awarding alimony in an adequate amount.
Reversed and remanded.
RODGERS, P.J., and PATTERSON, INZER, and BROOM, JJ., concur.