452 So.2d 834 (1984)
Esco Harold SCHILLING
v.
Carolyn Rimes SCHILLING.
No. 54166.
Supreme Court of Mississippi.
March 7, 1984.
Rehearing Denied July 25, 1984.
Gary K. Jones, John M. Roach, Daniel, Coker, Horton & Bell, Jackson, Garland D. Upton, Columbia, for appellant.
John H. Price, Jr., Barry S. Zirulnik, Thomas, Price, Alston, Jones & Davis, Jackson, for appellee.
Before WALKER, P.J., and HAWKINS and ROBERTSON, JJ.
WALKER, Presiding Justice, for the Court:
This is an appeal from the Chancery Court of Pike County, Mississippi, wherein the appellee (Carolyn Rimes Schilling) was granted a divorce from the appellant (Esco Harold Schilling) on the basis of habitual cruel and inhuman treatment and adultery. Aggrieved with the holding of the lower court, the appellant has perfected an appeal to this Court.
Although lengthy testimony was adduced as to the grounds upon which the divorce was granted, we find it unnecessary to recite those facts as the appellant assigns no error in that regard.
During trial it was established that Mrs. Schilling was unemployed and had no real assets of her own. She and her husband were married in 1960 when they were both nineteen years of age. She aided him in his campaign for chancery clerk and in 1967 quit her job in order to work with him as Deputy Chancery Court Clerk, a position she held for thirteen years. At the time she became aware of his extramarital affair, she was being paid $2,000.00 per *835 month. Mr. Schilling endorsed all of Mrs. Schilling's paychecks, and, according to him, deposited them in a joint account. Virtually all of the property acquired by the couple during their twenty-one years of marriage was titled in Mr. Schilling's name. Mrs. Schilling testified her monthly expenses totalled approximately $3,222.00.
The chancellor found Esco Schilling to have substantial holdings of stocks, real estate and mineral interests, including oil production income in excess of $3,500.00 per month and an average monthly income exclusive of oil production income of not less than $5,000.00 or a total of $8,500.00 per month. The court further found that Mr. Schilling had a net worth of not less than $750,000.00. Reasoning that Carolyn Schilling had made a very substantial contribution to the financial position of the appellant, the court awarded Mrs. Schilling lump sum alimony in the amount of $240,000.00 and monthly alimony of $1,500.00 to be reduced to $1,000.00 per month upon full payment of the lump sum award. The court also awarded Mrs. Schilling $900.00 per month as child support for the couple's three children. Mr. Schilling does not contest the findings of the court relative to his monthly income and net worth.
Before the final decree was entered, appellant filed his motion to modify wherein he alleged the lump sum alimony was grossly excessive and also that he was unable to pay the amount within the period specified in the decree. The appellant asked the court to reduce the amount of the lump sum award or in the alternative to allow the lump sum award be paid in periodic payments and as a further alternative asked the court to allow him to transfer some leasehold interests or mineral or royalty interest as part payment of the lump sum settlement.
Mr. Schilling's motion was based in part on his inability to pay the lump sum award, yet, it was established at a hearing on the motion, that since the time of the trial he had sold his van for approximately $8,000.00 and purchased a 1982 Oldsmobile 98 for $13,000.00; purchased two mineral leases in Amite County for which he paid roughly $40,000.00; and purchased 26.31 net royalty acres for $60,513.00. It was also established that he had recently received a check for $8,500.00 from production on the Olive Field Wells where he owned 3.74 royalty acres. The amount of income to be generated by the Olive Field Wells was not included in the court's assessment earlier of $3,500.00 per month as income from mineral interests.
The court finding its earlier ruling placed an undue financial burden on Mr. Schilling in view of his minimal liquidity position modified its ruling to the extent that Mr. Schilling pay the amount of $249,083.00[1] as follows: on or before May 1, 1982 the sum and amount of $80,000.00; on or before September 1, 1982 the sum and amount of $85,333.00; and on or before February 1, 1983 the sum and amount of $83,750.00.
On this appeal Mr. Schilling contends that, under the circumstances of this case, the court's award of lump sum alimony is excessive and unduly burdensome and represents an abuse of the trial court's discretion and should therefore be set aside or reduced.
By the terms of the statute the chancery court has discretion, having regard to the circumstances of the parties to make an award for the support of the wife and children as may seem equitable, and numerous decisions of this Court relating thereto unvaryingly hold that the chancellor's decision adjudicating the award will not be set aside by this Court unless it is against the overwhelming weight of the evidence. Harrell v. Harrell, 231 So.2d 793 (Miss. 1970). See also Miss.Code Annot. § 93-5-23 (1972).
In Brabham v. Brabham, 226 Miss. 165, 84 So.2d 147 (1955) this Court set forth the following conditions to be considered in determining the amount of an award of alimony and child support:

*836 (1) the health of the husband and his earning capacity; (2) the health of the wife and her earning capacity; (3) the entire sources of income of both parties; (4) the reasonable needs of the wife; (5) the reasonable needs of the child; (6) the necessary living expenses of the husband; (7) the estimated amount of income taxes the respective parties must pay on their incomes; (8) the fact that the wife has the free use of the home, furnishings and automobile, and (9) such other facts and circumstances bearing on the subject that might be shown by the evidence.
226 Miss. 176, 84 So.2d 153.
In Jenkins v. Jenkins, 278 So.2d 446 (Miss. 1973) this Court held that a lump sum award plus monthly alimony is proper where the wife had contributed, as Mrs. Schilling did, to the accumulation of the property of her husband. See also Clark v. Clark, 293 So.2d 447 (Miss. 1974).
The appellant cites Reeves v. Reeves, 410 So.2d 1300 (Miss. 1983) as authority that this Court has suggested that ten percent of the husband's net estate should be used as a guideline in awarding lump sum alimony. In Reeves we stated:
This Court would not have considered a lump sum award of $100,000.00 or ten percent (10%) of the husband's net estate unreasonable or unfair under the disputed facts in this case. We are not suggesting a ceiling or the actual amount the chancellor should award, but we do intend to signal some sense of proportion in cases of this nature.
410 So.2d 1303.
The ten percent figure clearly was not intended to establish a ceiling nor a floor on the amounts to be awarded in all cases. Under the facts in Reeves the ten percent simply represented what the Court considered to be a reasonable and fair award.
Having carefully applied the standards set forth in Brabham, supra, to the record before us we do not find such an abuse of the chancellor's discretion in his award of lump sum alimony and periodic alimony which would require reversal.
We find no merit to appellant's contention that the amount of the lump sum award is oppressive as after carefully comparing the amount of the award to Mr. Schilling's assets and liabilities and the chancellor's modification of his former decree, we find little likelihood of an oppressive liquidation of Mr. Schilling's assets necessary to comply with the award as granted in the final divorce decree.
Finally, the appellant asserts the chancellor's award of $900.00 per month for child support fails to make provision for any decrease in said amount upon any of the children[2] reaching the age of twenty-one or otherwise becoming emancipated. The appellant cites no authority in support of this proposition other than that the chancellor abused his discretion in entering the award.
This issue was resolved in Moore v. Moore, 372 So.2d 270 (Miss. 1979) wherein we stated: "... when a parent is ordered to pay a specified amount periodically for the benefit of more than one child, the emancipation of one child does not automatically reduce the liability of the parent for the full amount."
Finding no reversible error, the judgment of the lower court is affirmed.
Carolyn Rimes Schilling has filed a motion seeking an award of attorney's fees for representing her on this appeal. The lower court awarded Mrs. Schilling $7,500.00 attorney's fees. The usual award in a case such as this is one-half of the fee that was allowed or should have been allowed by the lower court. Spralding v. Spralding, 362 So.2d 620 (Miss. 1978). Therefore, the motion is sustained and appellee is awarded $3,750.00 for attorney's fees incurred on this appeal.
AFFIRMED AND MOTION FOR ATTORNEY'S FEES SUSTAINED IN FAVOR *837 OF APPELLEE IN THE AMOUNT OF $3,750.00.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
NOTES
[1] The additional $9,083.00 is evidently accumulated interest.
[2] Therese Carolyn Schilling, born February 14, 1962; Douglas Harold Schilling, born February 27, 1964; and Holly Noelle Schilling, born December 9, 1975.