484 So.2d 1032 (1986)
Annie McCallister GRAY
v.
Nelson W. GRAY.
No. 55338.
Supreme Court of Mississippi.
February 26, 1986.
Mary Ann Smith, Corinth, for appellant.
W.C. Sweat, Jr., Corinth, for appellee.
Before PATTERSON, C.J., and HAWKINS and PRATHER, JJ.
PATTERSON, Chief Justice, for the Court:
This is an appeal from the Chancery Court of Alcorn County wherein Mrs. Annie McCallister Gray was awarded separate support and maintenance from Nelson Gray of $250.00 per month.
Nelson and Annie Gray were married in 1969. Nelson worked in Illinois as an employee of General Motors Corporation where he had worked for 14 1/2 years. No children were born of their marriage.
There is a dispute concerning the events that culminated in the separation of these parties. Both parties testified Nelson remained in Illinois after they married and agreed to save money for their retirement. Annie returned to Alcorn County where she maintained a small farm the parties purchased. For thirteen years they continued this arrangement with occasional visits to each other's homes.
During this time, Annie supported herself by working in a factory and around the farm. Nelson sent money and rendered financial assistance only when Annie requested help. Over the years, Nelson accumulated $140,000.00 in savings which he deposited in interest bearing accounts. Upon his retirement, he returned to Alcorn County.
*1033 Within the first three days of his return, Nelson began accusing Annie of having an adulterous affair. Both parties testified he carried a loaded shotgun around the house, refused to eat the food Annie prepared for him, and moved out of their bedroom into a guest room. Ultimately, he moved out of the house and into a trailer on nearby property.
In April, 1983, Annie Gray filed an original complaint for separate maintenance, and Nelson Gray filed a cross-bill for divorce. At trial the court found Nelson's accusations of adultery unfounded and dismissed the cross-bill for divorce. Annie was awarded separate maintenance of $250.00 per month.
The issue presented for decision here is whether the amount of separate maintenance is sufficient. We are of the opinion it is not.
As stated in Owens v. Owens, 234 Miss. 261, 106 So.2d 59, 62 (1958), "There is little difference between a suit for separate maintenance and a suit for alimony and substantially the same principles of law apply in fixing an amount."
The criteria to be considered by the court in making the award include: the health of the husband and his earning capacity; the health of the wife and her earning capacity; the entire sources of income of both parties; the reasonable needs of the wife; the necessary living expenses of the husband; the estimated amount of income taxes the prospective parties must pay on their incomes; the fact that the wife has the free use of the home and furnishings; and such other facts and circumstances bearing on the subject that might be shown by the evidence. Brabham v. Brabham, 226 Miss. 165, 84 So.2d 147 (1955); Jenkins v. Jenkins, 278 So.2d 446 (Miss. 1973). See also, Bunkley & Morse's Divorce and Separation in Mississippi, Section 6.08 (1957).
In considering these standards in conjunction with the facts of this record we conclude $250.00 per month for the support of Annie Gray is insufficient to maintain her in accord with her station and condition in life. She has no separate estate of her own, no savings, and is unable to work due to health problems. In contrast, her husband has accumulated savings of $140,000.00, from which he receives interest. Additionally, he receives social security and retirement income of approximately $1,200.00 per month.
The nature of the marital relationship imposes upon Nelson Gray the continuing legal duty to support his wife. Having found that Annie Gray was entitled to separate maintenance, the chancellor was bound by equitable principles to award her an amount sufficient to maintain her standard of living in accord with her husband's estate and ability to provide for her well being.
We reverse and remand to the Chancery Court of Alcorn County for determination of the amount of separate maintenance to be awarded Mrs. Gray in accord with the equitable principles previously reiterated.
REVERSED AND REMANDED.
WALKER and ROY NOBLE LEE, P.JJ. and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.