509 So.2d 867 (1987)
Mary B. SKINNER
v.
William E. SKINNER.
No. 56950.
Supreme Court of Mississippi.
May 20, 1987.
Rehearing Denied July 29, 1987.
John E. Mulhearn, Jr., Mulhearn & Mulhearn, Natchez, for appellant.
Walter Brown, Brown, Jenkins & Carby, Natchez, for appellee.
Before HAWKINS, P.J., and ROBERTSON and ANDERSON, JJ.
ANDERSON, Justice, for the Court:
This is an appeal from the Chancery Court of Adams County wherein the chancellor granted appellant a divorce on the grounds of habitual cruel and inhuman treatment. No objection is made to the portion of the decree granting the parties a divorce. Appellant does assign as error the amount and duration of alimony, the nature of the alimony award and certain findings of facts made by the chancellor.
We do not deem it necessary to address the finding of facts. However, we have *868 reviewed the other issues and find it necessary to affirm in part and reverse in part.

FACTS
William and Mary Skinner were married in 1959 and have two daughters, one an adult and the other a sophomore in college at the time of this action. The parties separated in January 1985. At the time of their marriage, the parties owned no realty or any significant assets. Appellee was working as a pharmacist earning $500 per month. Appellant had completed one year of college and had no other training. She held various jobs outside the home at the beginning of the marriage, but quit after the birth of their first child. During the course of the 27-year marriage, the appellee acquired several businesses and certain real property. This included sole ownership of a corporation owning two drugstores, a house, a newly formed medical supply company and other properties. His assets totalled between $700,000 and $900,000, all accumulated during the marriage. Appellant assisted her husband in the business, served dutifully as a housewife and mother, signed mortgage notes to acquire loans for the businesses and served on the boards of the businesses. Her total assets at the end of the marriage are approximately $40,000, reflecting her one-half interest in the marital home.
The chancellor found appellee's net worth to be $712,626. The provisions of the court's award relevant to this appeal are as follows:
1. Accordingly, the Court does hereby order William E. Skinner, Plaintiff, to pay to Mary Lynn Skinner, Defendant and Cross-Plaintiff, by way of alimony the sum of $2,158.52 per month, due and payable on the first day of each month commencing October 1, 1985, with the understanding that Mrs. Mary Lynn Skinner will pay the house note, house insurance, and ad valorem taxes on said property henceforth, and which alimony shall terminate upon the first of the following occurrences: (1) the death of Mary Lynn Skinner, or (2) the remarriage of Mary Lynn Skinner, or (3) upon Mary Lynn Skinner attaining the age of 65 years.
2. Upon Mary Lynn Skinner attaining the age of 65 years, and within sixty (60) days thereafter, William E. Skinner, Plaintiff, shall pay unto Mary Lynn Skinner, Defendant and Cross-Plaintiff, the sum of $75,000.
* * * * * *
4. Mrs. Mary Lynn Skinner is hereby awarded by way of equitable distribution of property the 1983 Lincoln automobile, but title shall not be transferred to her on said vehicle until such time as she trades in said vehicle on another vehicle.
The chancellor further stated that he would cut the drugs, cosmetics, notions and supplies allowance from $160.00 to $80.00 with the understanding that Mrs. Skinner may purchase up to $160 per month in drugs, cosmetics, notions and supplies from Medical Arts Pharmacy at a fifty percent (50%) discount.
These are the provisions from which appellant's complaints originate.

I.
This Court has frequently addressed both the issues of alimony award and of property division. In Brabham v. Brabham, 226 Miss. 165, 84 So.2d 147, 153 (1955), the Court set forth a list of factors to be considered in making alimony awards:
(1) the health of the husband and his earning capacity; (2) the health of the wife and her earning capacity; (3) the entire sources of income of both parties; (4) the reasonable needs of the wife; (5) the reasonable needs of the child; (6) the necessary living expenses of the husband; (7) the estimated amount of income taxes the respective parties must pay on their incomes; (8) the fact that the wife has the free use of the home, furnishings, and automobile, and (9) such other facts and circumstances bearing on the subject that might be shown by the evidence.
226 Miss. at 176, 84 So.2d at 153.
This Court has also established a right of the parties to an equitable distribution of *869 jointly accumulated assets from the marriage. Chrismond v. Chrismond, 211 Miss. 746, 52 So.2d 624 (cert. den. 342 U.S. 878, 72 S.Ct. 167, 96 L.Ed. 659 (1951)); Watts v. Watts, 466 So.2d 889, (Miss. 1985).
In Jenkins v. Jenkins, 278 So.2d 446 (Miss. 1973), this Court recognized the propriety of substantial lump sum where the husband had accumulated substantial assets during the marriage.
... It appears to us that a lump-sum award in conjunction with an award of monthly alimony would have been proper in this case. As heretofore stated, this couple was married for approximately twenty-four years. At the beginning of the marriage they had no assets and the husband made a salary of $85 per week. At the time of the divorce the appellee admitted assets of $800,000. The appellant's worth was meager by comparison. It seems to us in a case such as this where the wife has contributed to the accumulation of the property of her husband, doing her part as a housewife, it would not be improper that she be allowed a reasonable amount as lump-sum alimony on retrial.
278 So.2d at 449.
In that case the wife's only asset was a one-half interest in the marital home. The court held that lump sum and periodic payment would be appropriate and reversed the case on the basis that "$1,000 per month for the support of the appellant was not equitable and just since it was insufficient to maintain her in accord with her station and condition in life and in harmony with the estate of her husband." Jenkins at 450.
In the case at bar, the judge in awarding $2,158.52 per month periodic alimony obviously considered the earning capacity of the wife in accord with testimony given and as he is entitled to do under Brabham. The amount of periodic payment awarded is consistent with previous awards affirmed by this Court and there is no evidence of any abuse of discretion in the amount of this award. Tutor v. Tutor, 494 So.2d 362 (Miss. 1986); Schilling v. Schilling, 452 So.2d 834 (Miss. 1984).
Likewise, we do not find the lump sum award of $75,000 so low as to constitute an absue of discretion. However, we see no reasonable basis for the delay in payment. It would in all probability be most beneficial to appellant to receive the support during the initial period of adjustment rather than later and it would impose no undue hardship upon appellee in making the payment. Accordingly, appellant is entitled to immediate payment of the $75,000 lump sum award.
There is no explanation given for the termination of periodic payment at age of 65. The general rule has been that periodic alimony terminates upon death or remarriage. Wray v. Wray, 394 So.2d 1341, 1344 (Miss. 1981). It is also subject to change by the courts. East v. East, 493 So.2d 927 (Miss. 1986).
In Tutor, supra, the 57-year-old husband proposed that his obligation to pay periodic monthly alimony be terminated upon his retirement at age 65. This Court noted that there was no case law regarding this contention, but held that the award was equitable and that Tutor had more than sufficient finances to continue the support. The appellant in the case at bar was 52 years of age. Obviously, her chances of obtaining gainful employment would diminish drastically upon attaining the age of 65. Denial of fair and equitable payment when most needed would totally defeat the purpose of the alimony award. The record discloses no extenuating circumstances to warrant termination of the payments at age 65. As in Tutor, appellee has sufficient financial resources to continue support of appellant and it is so ordered by this Court that support will continue until death or remarriage of the appellant.

II.
The chancellor awarded the appellant the use of an automobile belonging to appellee's corporation and provided that appellant could purchase up to $160 per month in drugs, cosmetics, etc. at appellee's pharmacy at a 50% discount.
*870 The rule is well established that a corporation is a legal entity separate and distinct from its shareholders. Bruno v. Southeastern Services, Inc., 385 So.2d 620 (Miss. 1980); Fairchild, et al. v. Keyes, 448 So.2d 292 (Miss. 1984); Vickers v. First Mississippi National Bank, 458 So.2d 1055 (Miss. 1984).
In East v. East, 493 So.2d 927 (Miss. 1986), the husband was sole stockholder in East Ford, Inc. The parties entered an agreement which provided a contract for employment of the wife by the corporation. This Court stated:
As to the obligation of East Ford, Inc., to pay Mrs. East a certain sum, the chancellor was in error in reaching any decision on this corporation's obligation because it was never made a party to the suit.
493 So.2d at 933.
We find in this case that the chancellor erred in awarding corporate property to appellant where the corporation was in no way made a party to the proceedings. We therefore remand this issue to the lower court for disposition in accord with this opinion. It is also ordered that husband provide an automobile to appellant of equivalent value to that in question. The amount of the lump sum and periodic alimony award is affirmed. However, we reverse as to time and duration of payment and order that the $75,000 lump sum award is payable immediately and the monthly award is to continue until the death or remarriage of appellant.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and GRIFFIN, JJ., concur.