MYERS, J.,
for the court.
¶ 1. Andrew and Beverly Johnson were granted an irreconcilable differences divorce. The chancellor denied Beverly’s request for lump sum alimony. It is from that denial that Beverly appeals asserting that the trial court erred in failing to award lump sum alimony to the wife.
STATEMENT OF FACTS
¶ 2. Andrew and Beverly Johnson were married on October 17, 1970. The couple had three children during their marriage, all of whom are emancipated. On May 26, 1999, Andrew filed for divorce. He based his complaint for divorce on adultery or, in the alternative, irreconcilable differences. Beverly filed her answer on June 10, 1999. With her answer, Beverly also filed a counter-complaint for divorce based on habitual cruel and inhuman treatment. The two agreed to an irreconcilable differences divorce.
¶ 3. During the marriage, Andrew had worked as a shoe salesperson, a dollar store manager, and a manager at Wal-Mart. Beverly had worked as an accountant assistant, Tupperware salesperson, and baker. The couple also formed two businesses during their marriage. One was an antique store and coffee shop in Franklin, Tennessee. The other business was a bed and breakfast in Vicksburg, Mississippi. The bed and breakfast was purchased for $240,000 and is now worth $895,000. Andrew used $70,000 of his inheritance to purchase the bed and breakfast. The couple spent household money and time in efforts to run these businesses.
¶ 4. In 1996, Andrew inherited the following non-marital assets:
1. A one-half interest in 236 Second Avenue South in Franklin, Tennessee. The lot is valued at approximately $400,000;
2. A one-half interest in a three acre lot in Bedford, Tennessee. The lot is worth $9,000;
3. 1110 Crawford Street in Vicksburg, Mississippi. The lot is valued at $60,000. It has a mortgage on it for an undetermined amount. Andrew allows Beverly’s mother to live in the house for $200 a month; and
4. A small lot in Brevard County, Florida. The lot is worth $6,250.
¶ 5. Andrew’s total non-marital assets are approximately $270,750 less the mortgage on 1110 Crawford Street.
¶ 6. The couple agreed to divide the four cemetery lots and lawn crypt owned by the couple. The couple also agreed to sell the bed and breakfast and split the equity. *683 The value of the bed and breakfast is $895,000 with a mortgage balance of $168,000. The couple also agreed to split Andrew’s retirement account of $164,000 and the $46,857.27 credit card debt.
LEGAL ANALYSIS
¶ 7. In reviewing domestic relations cases, this Court “will not disturb the chancellor’s findings unless manifestly wrong, clearly erroneous, or if the chancellor applied an erroneous legal standard.” Johnson v. Johnson, 650 So.2d 1281, 1285 (Miss.1994) (citing McEwen v. McEwen, 631 So.2d 821, 823 (Miss.1994)).
¶ 8. In Cheatham v. Cheatham, 537 So.2d 435, 438 (Miss.1988), the supreme court listed several factors to be considered by the chancellor in determining whether to award lump sum alimony and amount:
1. Substantial contribution to accumulation of total wealth of the payor either by quitting a job to become a housewife, or by assisting in the spouse’s business. Tutor v. Tutor, 494 So.2d 362 (Miss.1986); Schilling v. Schilling, 452 So.2d 834 (Miss.1984);
2. A long marriage. Jenkins v. Jenkins, 278 So.2d 446 (Miss.1973); Tutor and Schilling, supra;
3. Where the recipient spouse has no separate income or the separate estate is meager by comparison. Tutor, Schilling and Jenkins supra;
4. Without the lump sum award the receiving spouse would lack any financial security. Abshire v. Abshire, 459 So.2d 802, 804 (Miss.1984).
¶ 9. A closer analysis of these eases, however, reveals that the single most important factor undoubtedly is the disparity of the separate estates. Retzer v. Retzer, 578 So.2d 580, 592 (Miss.1990); Cheatham v. Cheatham, 537 So.2d 435, 438 (Miss.1988).
¶ 10. The chancellor reviewed these factors and how the factors applied to the facts in the instant case. The chancellor acknowledged that both Andrew and Beverly had put considerable time and effort into the accumulation of their assets and the running of the businesses; the great length of their marriage; the earning capacity of both Andrew and Beverly were similar, but that Andrew’s separate estate was much greater than Beverly’s since she has no separate estate; that Beverly had benefitted during the marriage from Andrew’s separate estate; and, that with the division of the assets Beverly would have some financial security.
CONCLUSION
¶ 11. We do not find the chancellor’s decision to be an abuse of discretion. The chancery court’s decision not to award lump sum alimony is affirmed. After the sale of the bed breakfast and the division of the retirement account, Beverly will have assets valued at over $400,000 with only $28,178.64 in credit card debt to pay.
¶ 12. THE JUDGMENT OF THE WARREN COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.