797 So.2d 253 (2001)
Donna Ragland BROWN, Appellant
v.
Charles Wayne BROWN, Appellee.
No. 1999-CA-01741-COA.
Court of Appeals of Mississippi.
January 16, 2001.
*254 Sharon Patterson Thibodeaux, Attorney for Appellant.
Paul Kelly Loyacono, Attorney for Appellee.
Before SOUTHWICK, P.J., LEE, and THOMAS, JJ.
THOMAS, J., for the Court:
¶ 1. Donna and Wayne Brown were granted a divorce for irreconcilable differences. On appeal, Donna asserts a number of errors pertaining to the chancellor's classification of marital property and the distribution of that property. These errors can be condensed in the following manner:
I. THE LOWER COURT ERRED IN THE CLASSIFICATION OF MARITAL AND SEPARATE PROPERTY.
II. THE LOWER COURT ERRED IN THE EQUITABLE DISTRIBUTION OF THE MARITAL ESTATE.
Finding no error, we affirm.

FACTS
¶ 2. Donna and Wayne Brown were married on February 14, 1991. This was the second marriage for both parties. On August 30, 1999, the lower court granted the divorce on grounds of irreconcilable differences and divided the property based on equitable distribution. The chancellor offered a lengthy thirty page opinion which shows the careful consideration and effort to fairly and justly distribute the property. The chancellor distributed the property in the following manner:

 NON-MARITAL ASSETS
Mrs. Brown
 Stationary bike ........................$ 150.00
 Emerson VCR ............................... 180.00
 Refrigerator
 TV (purchased after separation) ............ 79.00
 Oak table and six chairs .................. 260.00
 Iron bed
 Computer desk
 Piano .................................... 200.00
 __________
 TOTAL .................................... 869.00
Mr. Brown
 Saddle (Billy Cook) ....................$ 600.00
 Massey Ferguson 210 Tractor, tiller &
 clipper (disk missing) ................. 8,500.00
 16 foot trailer ......................... 1,000.00
 Guns ................................... 10,000.00
 TV ........................................ 350.00

*255
 Stereo Speakers............................ 400.00
 Filing Cabinet ............................ 100.00
 African drum .............................. 150.00
 Gun cabinet ............................... 500.00
 Oriental Artwork and frame ................ 750.00
 Antique engines ......................... 6,400.00
 Other engines ........................... 2,900.00
 Hunting & Camping equipment ............... 300.00
 Air Compressor ............................ 800.00
 Panasonic video camera .................. 1,000.00
 Minolta 35mm camera ....................... 450.00
 Box tools, hand tools & special tools .. 10,000.00
 Drill press................................ 450.00
 Valve grinder ........................... 3,000.00
 Parts washer .............................. 250.00
 Oxygen and acetylene system ............... 500.00
 Airco welder and Heliarch attachment ..2,000.00
 Craftsman radial arm saw .................. 650.00
 Skill saw .................................. 50.00
 Router and bits ........................... 350.00
 Mogul metal spraying gun ................ 2,500.00
 12 foot steel bed shop made single axle
 trailer ............................... 1,500.00
 Horse (Snickers) ........................ 1,000.00
 Smith-Corona typewriter ................... 400.00
 Band Saw .................................. 300.00
 4-wheeler ............................... 6,000.00
 ___________
 TOTAL .................................. 63,150.00

Below is a list of items that Mr. Brown contends were acquired before their marriage that he wants returned.

 Tractor disk ..........................$ 450.00
 Husky chain saw .......................... 500.00
 Antique Anvil ............................ 450.00
 Portable Coleman gas generator ........... 450.00
 Craftsman paint air compressor ........... 250.00
 Oat crimper .............................. 500.00
 Knife cut corn chopper ................... 500.00
 Wooden 9-foot shop-made trailer .......... 800.00
 Assorted air craft parts .............. 15,000.00
 Vise ..................................... 250.00
 Battery charger .......................... 300.00
 Bench grinders (2) ....................... 400.00
 __________
 TOTAL ................................. 19,400.00
 MARITAL ASSETS
Mrs. Brown
 Efforts in South Delta Aviation (Mr.
 Brown's crop-dusting business)...... $10,000.00
 1995 Saturn ........................... 5,140.00
 1996 Saturn ............................2,330.00
 Antique Bell .......................... 1,000.00
 Treadmill ............................... 200.00
 Kenmore stove with hood.................. 400.00
 TV
 Hoover upright vacuum ................... 100.00
 (1)Couch ................................ 500.00
 (2)Computers ...........................2,500.00
 Regina carpet cleaning system ........... 300.00
 Jacuzzi................................ 1,700.00
 (2)cell phones .......................... 250.00
 (6)Antique Rockers ...................... 400.00
 Oak hutch
 (3)Bed side tables ...................... 130.00
 (4)Dressers.............................. 400.00
 Desk ..................................... 25.00
 (2)Beds ................................. 120.00
 Diamond earrings ...................... 3,850.00
 Opal earring (one is lost) .............. 300.00
 (3)9-inch TVs and Atari ................. 650.00
 Chest freezer ........................... 300.00
 Color TV with VCR for teaching .......... 400.00
 Courtyard fountain ...................... 200.00
 Linens and towels ..................... 1,000.00
 Lamps ................................... 300.00
 Kitchen dishes, pans, utensils,
 appliances ........................... 2,000.00
 China and crystal ..................... 1,500.00
 Sheet music, albums, tapes and books .... 700.00
 Teaching supplies ....................... 600.00
 Portable chain link fence ............... 200.00
 Diamond Pendant ......................... 400.00
 Dulcimer ................................ 450.00
 Antique Furniture (3) dressers .......... 500.00
 (3) bedroom suites .................... 2,500.00
 IBM Selectric typewriter ................ 500.00
 Iron bed
 Washer/Dryer
 Antique Saddle........................... 100.00
 Den couch ............................... 200.00
 Horse (Heather) ....................... 1,000.00
 Saddle (Billy Cook barrel ladies) ....... 700.00
 50% ownership in Ring Road property
 50% ownership in Ag Cat
 50% ownership in GPS
 50% ownership in Louisiana airstrip
 Female Dalmation (Belle) ................ 400.00
 Interest in Computer & Printer ........ 1,027.50
 Retirement
 __________
 TOTAL ................................ 73,772.50
Mr. Brown
 Efforts in Wright Road House
 (construction of)................... $10,000.00
 TV ...................................... 350.00
 Couch ................................... 500.00
 Cell phone............................... 150.00
 Tables made by Mr. Brown .............. 1,000.00
 Magnavox TV
 Den Couch ............................... 200.00
 Sofa table .............................. 150.00
 Interest in Computer & printer .......... 472.50
 9.8 Carat Diamond ring ................ 7,000.00
 50% ownership in Ring Road property
 50% ownership in Ag Cat
 50% ownership in GPS
 50% ownership in Louisiana Airstrip
 Thrush airplane ...................... 22,850.00
 Social Security
 30 gallon Trailer Tank Sprayer .......... 500.00
 South Delta Aviation (business)
 South Delta equipment.................. 2,100.00
 __________
 TOTAL ................................ 73,772.50

The Court finds that Mr. Brown shall be awarded all other property of South Delta Aviation not otherwise described herein.
The Court finds that Mr. Brown and Mrs. Brown shall each pay the Tensas State Bank Loan executed by them. That Mr. Brown shall pay any other Tensas State Bank loans executed by him. That Mr. Brown shall pay the loan to Merchants Bank on the Thrush airplane *256 engine and the loan to Trustmark Bank on the Ag Cat airplane engine.
The Court finds that the whereabouts of the following items are in dispute:
Mr. Brown
 Tractor disk
 Huskey chain saw
 Antique Anvil
 Portable Coleman gas generator
 Craftsman paint air compressor
 Oat crimper
 Knife cut corn chopper
 Wooden 9-foot shop-made trailer
 Assorted air craft parts
 Vise
 Battery charger
 (2) Bench grinders
The Court finds that said items are non-marital and when they are located, they shall be returned to Mr. Brown as his exclusive property.
The Court finds that the 2.10 carat diamond ring is missing. The Court hereby awards each party a fifty percent interest in same or fifty percent of any insurance proceeds that may be obtained from said ring.
¶ 3. Donna now appeals, asserting that the classification of marital and separate property, as well as the distribution of marital property was improper.

ANALYSIS
¶ 4. An appellate court will not reverse a chancellor's classification and equitable division of marital property absent a determination that the chancellor's decision was manifestly wrong, clearly erroneous, unsupported by substantial, credible evidence, or a showing that the chancellor applied an erroneous legal standard. Burnham-Steptoe v. Steptoe, 755 So.2d 1225 (¶ 15) (Miss.Ct.App.1999). See also Singley v. Singley, No. 1999-CA-00754-COA, ___ So.2d ___, 2000 WL 1387961 (Miss.Ct.App. Sept. 26, 2000); Franks v. Franks, 759 So.2d 1164 (Miss.1999); McEwen v. McEwen, 631 So.2d 821, 823 (Miss.1994); Parker v. Parker, 641 So.2d 1133, 1137 (Miss.1994); Bell v. Parker, 563 So.2d 594, 596-97 (Miss.1990); Newsom v. Newsom, 557 So.2d 511, 514 (Miss.1990).

I. THE LOWER COURT ERRED IN THE CLASSIFICATION OF MARITAL AND SEPARATE PROPERTY.
¶ 5. Assets acquired or accumulated during the course of the marriage are considered marital assets. Hemsley v. Hemsley, 639 So.2d 909, 914 (Miss.1994). "Marital partners can be equal contributors whether or not they both are at work in the marketplace." Id. at 915. "A spouse who has made a material contribution toward the acquisition of an asset titled in the name of the other may claim an equitable interest in such jointly accumulated property." Id. at 913. See also White v. White, 557 So.2d 480, 484 (Miss.1989); Johnson v. Johnson, 550 So.2d 416, 420 (Miss.1989); Jones v. Jones, 532 So.2d 574, 580-81 (Miss.1988). Such assets are subject to equitable distribution by the chancellor. Hemsley, 639 So.2d at 915.
¶ 6. If credible proof can be shown that an asset was acquired or accumulated prior to the marriage, such an asset is attributable to that parties' separate estate. Id. at 914. Gifts of highly personal nature are also considered to be separate property. Ferguson v. Ferguson, 639 So.2d 921, 929 (Miss.1994). Separate property is not subject to equitable distribution. Id.
¶ 7. However, assets which initially fit into the category of separate property may be converted into marital assets if they are commingled with marital property or utilized for domestic or familial purposes, absent an agreement to the contrary. Heigle v. Heigle, 654 So.2d 895, 897 (Miss.1995); Johnson v. Johnson, 650 So.2d 1281, 1286 (Miss.1994). See also Franks v. Franks, 759 at 1169; Maslowski v. Maslowski, 655 So.2d 18, 20 (Miss.1995). *257 Commingled property, which has become marital property, is subject to equitable distribution. See Johnson, 650 So.2d at 1286; Heigle, 654 So.2d at 897; Maslowski, 655 So.2d at 20.
¶ 8. In the case sub judice, the chancellor made a thorough and proper classification of marital and separate property. There is no merit to this assignment of error.

II. THE LOWER COURT ERRED IN THE EQUITABLE DISTRIBUTION OF THE MARITAL ESTATE.
¶ 9. "A chancery court has authority, where equity so demands, to order a fair division of property accumulated through the joint contributions and efforts of the parties." Hemsley, 639 So.2d at 915. See also Brown, 574 So.2d at 690; Brendel v. Brendel, 566 So.2d 1269, 1273 (Miss.1990); Jones v. Jones, 532 So.2d 574, 580-81 (Miss.1988); Regan v. Regan, 507 So.2d 54, 56 (Miss.1987); Watts v. Watts, 466 So.2d 889, 891 (Miss.1985); Clark v. Clark, 293 So.2d 447, 449 (Miss.1974).
¶ 10. "Fairness is the prevailing guideline in marital division." Ferguson, 639 So.2d at 929. The Court went on to explain that:
Property division should be based upon a determination of fair market value of the assets, and these valuations should be the initial step before determining division. Therefore, expert testimony may be essential to establish valuation sufficient to equitably divide property, particularly when the assets are as diverse as those at issue in the instant case.
Id. at 929.
¶ 11. The Mississippi Supreme Court has outlined and firmly established the factors to be considered when dividing marital property. Ferguson, 639 So.2d at 928. Those factors are:
1. Substantial contribution to the accumulation of the property. Factors to be considered in determining contribution are as follows:
a. Direct or indirect economic contribution to the acquisition of the property;
b. Contribution to the stability and harmony of the marital and family relationships as measured by quality, quantity of time spent on family duties and duration of the marriage; and
c. Contribution to the education, training or other accomplishment bearing on the earning power of the spouse accumulating the assets.
2. The degree to which each spouse has expended, withdrawn or otherwise disposed of marital assets and any prior distribution of such assets by agreement, decree or otherwise.
3. The market value and the emotional value of the assets subject to distribution.
4. The value of assets not ordinarily, absent equitable factors to the contrary, subject to such distribution, such as property brought to the marriage by the parties and property acquired by inheritance or inter vivos gift by or to an individual spouse;
5. Tax and other economic consequences, and contractual or legal consequences to third parties, of the proposed distribution;
6. The extent to which property division may, with equity to both parties, be utilized to eliminate periodic payments and other potential sources of future friction between the parties;

*258 7. The needs of the parties for financial security with due regard to the combination of assets, income and earning capacity; and,
8. Any other factor which in equity should be considered.
Ferguson, 639 So.2d at 928. McGee v. McGee, 726 So.2d 1220, 1223-24 (Miss.Ct. App.1998).
¶ 12. In the case sub judice, the chancellor split the marital estate in half right down to the penny. There could be no more of an equitable distribution than this.
¶ 13. THE JUDGMENT OF THE WARREN COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MYERS, AND PAYNE, JJ., CONCUR. CHANDLER, J., NOT PARTICIPATING.