886 So.2d 748 (2004)
Robert BURROUGHS, Individually, Burroughs Diesel, Inc. and Rental Service, Inc., Appellants
v.
H.D. McDANIEL, Consolidated Contractors Corporation and McDaniel Investments, Inc., Appellees.
No. 2001-CA-01000-COA.
Court of Appeals of Mississippi.
June 29, 2004.
Rehearing Denied August 24, 2004.
Certiorari Denied November 18, 2004.
James Robert Sullivan, Laurel, attorney for appellants.
Paul Edward Moyers, W.O. Dillard, Lester F. Smith, Jackson, attorneys for appellees.
Before KING, C.J., BRIDGES, P.J., and CHANDLER, J.
BRIDGES, P.J., for the Court.
¶ 1. Initially this lawsuit was a complaint for declaratory judgment between the plaintiff, Robert Burroughs, and the defendant, H.D. McDaniel. Burroughs sought to have the trial court declare the rights, if any, of Union Planters National Bank in an asset owned by McDaniel. The asset was a judgment owned by McDaniel against Reeves Contractors Corporation *749 (Reeves Judgment). Union Planters does not have an assignment, Uniform Commercial Code financing statement or security interest in the Reeves Judgment.
¶ 2. Based on their guaranties, Union Planters filed a counter-claim against Burroughs and a cross-claim against McDaniel. Union Planters had made a loan to Consolidated Contractors Corporation, and Union Planters was the holder of the note. The amount of the note was $350,000, and Union Planters had security of over $3,600,000. While it was the holder of the note, Union Planters dismissed its counter-claim and cross-claim against Burroughs and McDaniel with prejudice. Simultaneously, Burroughs and McDaniel dismissed with prejudice their claims against Union Planters. Union Planters kept all of its security on a new note that was signed by Burroughs Diesel, Inc. with Burroughs as the sole guarantor.
¶ 3. Three weeks prior to trial, McDaniel filed a motion to dismiss on the grounds that Burroughs, as an individual, was not entitled to any relief and that Burroughs had no standing to request relief on behalf of Union Planters Bank. A hearing was conducted after which the judge denied McDaniel's motion. The trial took place on June 5-7, 2000 and before closing arguments were conducted, Burroughs filed a motion to amend to seek a monetary judgment which the judge later granted. The motion, however, did not seek to add Burroughs Diesel Inc. as a party.
¶ 4. At the conclusion of the trial, the judge took the case under advisement and later ruled for McDaniel and against Burroughs. In his findings of fact, conclusion of law and final judgment, the judge found that Burroughs was not entitled to any declaratory relief or monetary relief and dismissed Burroughs's case.
¶ 5. Burroughs's issues are stated verbatim below.

STATEMENT OF THE ISSUES

I. WHETHER THE CHANCELLOR ERRED WHEN HE RULED THAT ROBERT BURROUGHS WAS NOT A PROPER PARTY TO THE SUIT BECAUSE THE UNDERLYING NOTE TO WHICH ROBERT BURROUGHS AND H.D. MCDANIEL WERE CO-GUARANTORS WAS PAID WITH THE FUNDS FROM BURROUGHS DIESEL, INC., A COMPANY SEPARATELY OWNED AND OPERATED BY ROBERT BURROUGHS.

II. WHETHER THE CHANCELLOR ERRED WHEN HE RULED THAT ROBERT BURROUGHS WAS NOT ENTITLED TO ASSERT HIS EQUITABLE SUBROGATION RIGHT OF FIFTY PERCENT (50%) REIMBURSEMENT AGAINST THE OTHER CO-GUARANTOR, WHEN ROBERT BURROUGHS CAUSED TO BE PAID ONE HUNDRED PERCENT (100%) OF THE UNDERLYING NOTE.

FACTS
¶ 6. In 1992, H.D. McDaniel and Robert Burroughs entered into a business relationship whereby they formed a company, Consolidated Contractors Corporation (Consolidated). McDaniel, who had been in the construction industry for numerous years and who was a licensed contractor, provided the expertise. Burroughs, who had little or no experience in construction work, provided the funding. According to the their contract, McDaniel and Burroughs would each own fifty percent (50%) of the stock of Consolidated and would divide any net profits equally. McDaniel contributed equipment, with an approximate *750 value of three hundred thirty thousand dollars ($330,000), to the operation of the corporation in exchange for his fifty percent (50%) of Consolidated's stock. During the corporation's primary project under a contract with the Mississippi Regional Housing Authority, Consolidated executed a promissory note for two hundred thousand dollars ($200,000) with Sunburst Bank, now Union Planters Bank. The note, which was executed on April 11, 1994, and due on January 31, 1995, was guaranteed by three sureties or co-guarantors, namely McDaniel, Burroughs, and Burroughs Diesel, Inc., a separate company owned and operated by Burroughs. On February 17, 1995, the note was renewed for three hundred fifty thousand dollars ($350,000) with a maturity date of May 17, 1995, but this note was guaranteed only by McDaniel and Burroughs. In the fall of 1995, McDaniel secured other employment with Roy Anderson Construction Company to perform construction work on a project in Tunica County, Mississippi.
¶ 7. Also in the fall of 1995, a dispute arose between McDaniel and Burroughs. Burroughs informed McDaniel that Consolidated did not have the finances to pay the expenses of the Mississippi Regional Housing Authority project, and that the promissory note to Union Planters had to be paid. Thereafter, Burroughs obtained two extensions on the note which extended the due date of the promissory note until November 15, 1995. On November 14, 1995, Burroughs filed a complaint for declaratory judgment against McDaniel.
¶ 8. On February 28, 1996, Burroughs Diesel, Inc. executed a promissory note with Union Planters for two hundred fifty-two thousand, five hundred ninety-eight and 91/100 dollars ($252,598.91), which replaced the promissory note executed by Consolidated on February 17, 1995, and was signed and guaranteed by Burroughs only. As shown on the face of this note, the purpose was "to purchase debt instrument in the amount of $252,580.91 owed to bank by Consolidated Contractors Corp. without recourse." The terms of the promissory note stated that the note which was executed by Consolidated on February 17, 1995, was assigned to Burroughs Diesel, Inc. and reassigned to Union Planters.
¶ 9. In May 1996, McDaniel filed two instruments, his complaint for articles of dissolution of corporation for injunctive, declaratory and other relief, and also a motion for appointment of receiver requesting the appointment of a receiver to handle the corporate affairs and assets of Consolidated in order to bring about an orderly and equitable distribution of the corporation. Also in May of 1996, Burroughs filed a motion for change of venue requesting that the chancery court action filed by McDaniel be transferred to the county of Consolidated's principal office, Jones County, Mississippi. In June 1996, the judge granted Burroughs's motion for a change of venue to Jones County, Mississippi.
¶ 10. In October 1996, Burroughs Diesel, Inc. executed a promissory note with Community Bank, in the amount of two hundred thirty thousand, five hundred eighty-seven 12/100 dollars ($230,587.12) which terminated or satisfied the note Burroughs Diesel, Inc. executed with Union Planters on February 28, 1996. Additionally, this note was signed and guaranteed by Burroughs only and matured on October 15, 2001.
¶ 11. At trial, the judge found that Burroughs was not entitled to any declaratory relief or monetary relief and dismissed Burroughs's case.

*751 ANALYSIS

I. WHETHER THE CHANCELLOR ERRED WHEN HE RULED THAT ROBERT BURROUGHS WAS NOT A PROPER PARTY TO THE SUIT BECAUSE THE UNDERLYING NOTE TO WHICH ROBERT BURROUGHS AND H.D. MCDANIEL WERE CO-GUARANTORS WAS PAID WITH THE FUNDS FROM BURROUGHS DIESEL, INC., A COMPANY SEPARATELY OWNED AND OPERATED BY ROBERT BURROUGHS.

II. WHETHER THE CHANCELLOR ERRED WHEN HE RULED THAT ROBERT BURROUGHS WAS NOT ENTITLED TO ASSERT HIS EQUITABLE SUBROGATION RIGHT OF FIFTY PERCENT (50%) REIMBURSEMENT AGAINST THE OTHER CO-GUARANTOR, WHEN ROBERT BURROUGHS CAUSED TO BE PAID ONE HUNDRED PERCENT (100%) OF THE UNDERLYING NOTE.
¶ 12. Burroughs claims that the chancellor improperly denied his equitable subrogation rights as a co-guarantor. He argues that sufficient and uncontroverted evidence was presented to sustain a judgment in his favor for the full amount of his equitable subrogation lien of fifty percent (50%) which arose when he caused the underlying note of $252,598.91 to be paid in full. In addition, Burroughs states that his equitable subrogation right to $126,299.46 arose the moment he caused the underlying note to be paid in full, and this equitable right remained with Burroughs regardless of the source of funds by which Burroughs effected payment.
¶ 13. Unfortunately, Burroughs's arguments are contrary to the law. Burroughs seems to be ignoring the basic, well-established rule of law that a corporation is a separate entity, separate and apart even from its shareholders. This principle of law is true even if the shareholder is the sole shareholder of the corporation. American Telephone & Telegraph Co. v. Purcell Co., Inc., 606 So.2d 93, 97 (Miss.1990); Bruno v. Southeastern Services, Inc., 385 So.2d 620 (Miss.1980).
¶ 14. In the case sub judice, Burroughs is a separate legal entity from Burroughs Diesel, Inc. Burroughs requests that this Court grant him, as an individual, a judgment in his favor for funds he claims were paid by Burroughs Diesel, Inc. As the court stated in East v. East, an individual cannot seek relief on behalf of a corporation. Skinner v. Skinner, 509 So.2d 867, 870 (Miss.1987).
¶ 15. Burroughs can only ask for the judgment for damages he himself incurred, not those claimed to have been incurred by a non-party to the lawsuit. While on the witness stand, Burroughs stated that Burroughs Diesel, Inc. had nothing to do with this lawsuit and he refused to answer questions regarding Burroughs Diesel, Inc. Since Burroughs Diesel, Inc. was not a party to the case sub judice, this Court cannot reach "any decision on this corporation's obligation because it was never made a party to the suit." East, 493 So.2d at 933. In addition, Burroughs, in his brief, failed to cite any authority from this jurisdiction.
¶ 16. The lower court judge, while applying well-established law and citing numerous cases, correctly concluded that:
Burroughs, individually, cannot recover damages which have been [allegedly] suffered by Burroughs Diesel, Inc.
* * *
Thus, the court cannot grant to Mr. Burroughs, individually, redress for damages [allegedly] suffered by a separate and distinct party, Burroughs Diesel, Inc.
*752 ¶ 17. Also in his findings of fact and conclusion of law, the judge continued in his ruling by stating:
Furthermore, it is the ruling of this Court that, by failing to join Burroughs Diesel, Inc. as a party to this litigation against Mr. McDaniel, the lawsuit suffers for failing to have proper parties. Thus Mr. Burroughs' argument that he, individually, should be awarded damages in connection with Burroughs Diesel, Inc.'s [alleged] payment of the promissory note executed by Consolidated Contractors Corporation is without merit.
¶ 18. As to the second issue, the law is basically the same as in issue I. Burroughs again contends that he is entitled to some kind of relief because of what Burroughs Diesel, Inc. (allegedly) did. However, there is no authority of law cited by Burroughs whereby, as an individual, he is entitled to any kind of equitable subrogation because of what Burroughs Diesel, Inc. allegedly paid.
¶ 19. Burroughs cites some law dealing with equitable subrogation, none of which provides for recovery by an individual for funds paid by a corporation. Burroughs continues to assert that if Burroughs Diesel, Inc. paid the note, then this means that Burroughs as an individual can seek recovery. As seen from the applicable law stated above, this argument is contrary to basic corporate law. Stated again, a corporation is simply a separate legal entity.
¶ 20. In accordance with the applicable law stated herein, this Court finds that these issues are without merit. By failing to join Burroughs Diesel, Inc. as a party to the lawsuit, the suit suffers for failure to have proper parties. Therefore, Burroughs's argument that he, individually, should be awarded damages in connection with Burroughs Diesel, Inc.'s payment of the promissory note executed by Consolidated Contractors Corporation is without merit.
¶ 21. THE JUDGMENT OF THE JONES COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., SOUTHWICK, P.J., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.